**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Gary F. Herbst, Esq.
Melanie A. FitzGerald, Esq.
(516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

ASK ALICE, LLC,                                        Chapter 7
                                                       Case No.: 14-13161-SMB
                    Debtor.
---------------------------------------------------------------X

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) SCHEDULING HEARING ON SHORTENED NOTICE; (II) AUTHORIZING AND APPROVING A PUBLIC AUCTION SALE OF THE DEBTOR'S PERSONAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS TO THE SUCCESSFUL BIDDER(S) AT THE AUCTION SALE; (III) APPROVING THE SALE TERMS FOR THE AUCTION SALE OF THE PERSONAL PROPERTY; AND (IV) GRANTING RELATED RELIEF**

TO:    THE HONORABLE STUART M. BERNSTEIN
       UNITED STATES BANKRUPTCY JUDGE

Salvatore LaMonica, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Ask Alice, LLC (the "Debtor"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion (the "Motion") seeking the entry of an order: (i) scheduling a hearing on shortened notice and an order pursuant to, inter alia, §§ 105(a), 363, and 704 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); (ii) authorizing and approving a public auction sale (the "Auction Sale") of the Debtor's personal property, formerly utilized in the operation of the Debtor's business (the "Property"); and (iii) approving the sale terms and conditions of sale (the "Sale Terms") substantially in the form annexed as Exhibit "A" for the Auction Sale of the Property which is currently located at 39 Windsor Place, Central Islip, New York 11722, "*as is*"

and "*where is*" free and clear of all liens, claims, encumbrances security interests and other interests (the "Liens"), with such Liens to attach to the net proceeds of sale, and granting the Trustee such other and further relief as the Court deems just and proper. In support of the Motion, the Trustee respectfully represents as follows:

## STATUTORY PREDICATES FOR RELIEF REQUESTED

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceedings pursuant to 28 U.S.C. § 157(b)(2).

2. Venue of this case and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Code §§ 105(a), 363, and 704, Local Bankruptcy Rule 6004-1 and Bankruptcy Rules 2002, 6004, 9006 and 9014.

## BACKGROUND

4. On November 17, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

5. By Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines dated November 18, 2014, Salvatore LaMonica, Esq., was appointed as the Interim Chapter 7 Trustee [Dkt. No. 2]. Following a duly convened Bankruptcy Code § 341 meeting of creditors, he became the permanent Trustee of the Debtor's estate.

6. By Order dated December 15, 2014 [Dkt. No. 9], the Court approved the Trustee's employment of David R. Maltz & Co., Inc. ("Maltz") to conduct public or private auction sales of, among other things, the Property.

7. The Debtor is an affiliate of Tongyang International, Inc., and Tongyang Networks, Inc. (the "TY Companies"). The TY Companies are currently the subject of receivership proceedings in the Republic of Korea.

8. Prior to the Filing Date, the Debtor was in the business of selling designer shoes wholesale and in that regard warehoused some of its shoe inventory at 167-17 146th Road, Jamaica, New York (the "Jamaica Location") and at 50 Amor Avenue, Moonachie, New Jersey 07074 (the "NJ Location").

9. The Property is comprised solely of the Debtor's shoe inventory that was used by the Debtor in the operation of its business. The Property has been removed from the Jamaica Location and the NJ Location and is currently located at Maltz's warehouse, the location from which it will be offered for sale. The Property consists of approximately 4,000 pairs of assorted footwear.

10. The Debtor is no longer operating.

11. The Trustee believes that an expedited sale of the Property is in the best interests of the Chapter 7 estate and will provide the greatest possibility for a realization of value from the Property.

12. The sale of the Property is not subject to any financing contingencies.

**RELIEF REQUESTED**

13. By this Motion, the Trustee seeks authorization to proceed with the proposed Auction Sale and approval of the Sale Terms to facilitate a sale of the Property in accordance with Local Bankruptcy Rule 6004-1 and General Order M-383 dated November 18, 2009 adopting the Amended Guidelines for the Conduct of Asset Sales (the "M-383 Order").

14. The Debtor is no longer operating and the Property is not required for any reorganization of the Debtor. Thus, the sale of the Property unquestionably represents a reasonable exercise of the Trustee's sound business judgment. The Trustee submits that the proposed Auction Sale and Sale Terms will maximize the value of the Property for the Debtor's estate and its creditors.

**I.    The Auction Sale Of The Property Is A Reasonable Exercise Of The Trustee's Business Judgment And Should Be Approved**

15. Bankruptcy Code § 704(a)(1) provides that the Trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).

16. Bankruptcy Code § 363 provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). The terms of such sale is generally within the sound discretion of the debtor, or if applicable the trustee. See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); In re Dial-A-Mattress Operating Corp., 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) ("The business judgment test is the standard for Section 363 sales in this Circuit." (citations omitted)); Parker v. Motors Liquidation Co. (In re Motors Liquidation Co.), 430 B.R. 65, 83 (S.D.N.Y. 2010) ("The overriding consideration for approval of a Section 363 sale is whether a 'good business reason' has been articulated." (citations omitted)).

4

17. In addition, § 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case. 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick and Henry J. Sommer. eds., 16th ed.).

18. The Trustee has substantial business justification for the proposed sale of the Property. The Trustee believes that an Auction Sale will enable the estate to provide for the prompt sale of the Property and enhance the potential to realize proceeds for distribution to the Debtor's creditors. A public sale will allow the Trustee to reduce the Property to cash in accordance with the clear provisions of Bankruptcy Code § 704(a)(1).

19. The Public Sale is permissible as Bankruptcy Rule 6004(f)(1) provides in relevant part that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Chapter 7 trustees often exercise authority to sell debtors' assets. In re Stein, 281 B.R. 845, 848 (Bankr. S.D.N.Y. 2002) (discussing the chapter 7 trustee's right to sell the assets of the debtor under the Bankruptcy Code); In re Bakalis, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the chapter 7 trustee's authority to conduct the sale of the debtor's assets).

20. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public sale. In practice, the preferred method is to conduct a public sale because a public sale will most often result in a greater number of potential bidders in the shortest amount of time. That is, in order to determine that a private sale has yielded the highest or best offer, property generally must remain on the market for a significantly longer period of time than when offered at a public sale.

21. Local Rule 6004-1(a) further provides that:

5

> The trustee may sell property of the estate that the trustee reasonably believes has an aggregate gross value of no more than $10,000 by public or private sale on seven days' written notice to any party with an interest in such property, the landlord of the premises on which the property is located, and such other parties as the Court may direct. The notice of any proposed sale of property of the estate having an aggregate gross value of at least $2,500 shall include the time and place of the proposed sale, whether the sale will be public or private, and the terms and conditions of the proposed sale.

22. Here, the Trustee determined, in his sound business judgment, that selling the Property outside the ordinary course of business at the proposed Auction Sale is justified, necessary and appropriate. The Trustee submits that the proposed sale process is reasonable, necessary and appropriate, and will enable him to receive the maximum value for the Property.

23. Compelling business justifications exist for the approval of the proposed Auction Sale of the Property as set forth herein. Given that the Debtor is no longer operating and that the Property is not necessary for any reorganization, the prudent course is to proceed with their sale promptly.

24. Since the Trustee's appointment and his contact with the undersigned, the Trustee and his retained professionals coordinated and retrieved the shoe inventory from the Jamaica Location and the NJ Location so that it was in one central location and this enabled the Trustee and his professionals to informally market the Property for sale. At this juncture, the Trustee has determined that a Public Sale is appropriate.

25. Additionally, the Trustee through counsel negotiated a reduced storage fee for the fees that were outstanding for the Jamaica Location and the NJ Location. These reduced fees benefitted the estate as the Trustee was able to remove the inventory that was warehoused both in and out of state and deliver it to a central location that is conducive to a public auction sale. Accordingly, it is imperative that the Trustee proceed by Order Scheduling Hearing on shortened

6

notice and be authorized to conduct an auction sale so that the estate does not incur substantial storage fees.

26. Pursuant to Bankruptcy Rules 6004(a) and (c) and 2002(a)(2), the Trustee will provide notice of the intended Auction Sale to all known creditors of the Debtor, any known holders of liens, claims or encumbrances against the Assets, all parties who have filed a notice of appearance in the Debtor's case, and the Office of the United States Trustee.

27. The Property shall be sold "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such Property.

28. At the Trustee's discretion, the Property will be offered for sale in bulk and in lots. The Trustee will determine the highest or best bid (or bids) for the Property.

29. After the Auction Sale, title to the Property will be transferred to the successful bidder(s) pursuant to a Bill of Sale. Maltz shall collect any applicable sales tax from buyers, and prepare all reporting forms, certificates, reports and other documentation required in connection with the payment of all applicable sales taxes to the appropriate taxing authorities, and Maltz shall process all of the foregoing. Maltz shall pay the same to the appropriate taxing authorities in accordance with applicable law.

30. In accordance with Local Rule 6004-1(f), within 21 days of the Auction Sale, Maltz shall file a report with the Court and transmit a copy of the report to the Office of the United States Trustee.

31. For these reasons, the Trustee, in the exercise of his reasonable business judgment, recommends that the Court authorize him to proceed with the Auction Sale.

**II.    The Sale Terms Should Be Approved**

32.    The salient provisions of the Sale Terms are as follows:

(a) at the Auction Sale, the successful bidder(s) will be required to remit 25% of their successful bid(s) amount(s) in cash or certified funds to Maltz, and the balance of their successful bid(s) amount(s) must be paid to Maltz no later than 3:00 p.m. on the designated date;

(b) the successful bidder(s) must pay all sales taxes in connection with the sale, if any; and

(c) the Property is being sold "as is", "where is", without any representations of any kind or nature whatsoever, including as to merchantability or fitness for a particular purpose, and without warranty or agreement as to the condition of such items.

33.    The Trustee submits that the Sale Terms are reasonably designed to ensure that the Debtor's estate receives the maximum benefit available from the sale of the Property and therefore warrant Court approval. A copy of the proposed Sale Terms is annexed as Exhibit "A".

**III.    The Property Should Be Sold Free And Clear Of Liens**

34.    Under Bankruptcy Code § 363(f), a trustee may sell property under the Bankruptcy Code free and clear of liens, claims and encumbrances, provided that: (i) applicable nonbankruptcy law permits the sale of the property free and clear of such interests; (ii) the entity holding the lien, claim or encumbrance consents to the sale; (iii) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property; (iv) the interest is in bona fide dispute; or (v) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See In re Smart World Tech., LLC, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers to acquire assets without any accompanying liabilities); In re Dundee Equity Corp., No. 89-B-10233, 1992 WL 53743, at

8

*3 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in disjunctive, such that the sale of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

35.   In accordance with Bankruptcy Code § 363(f), the Trustee requests that he is authorized to sell the Property free and clear of all liens, claims and encumbrances (collectively, the "Liens"), and such Liens (if any) will attach to the respective sale proceeds in the order and priority as existed as of the Petition Date.

36.   In consultation with Maltz, the Trustee has determined that the value received from the sale of the Property, after the payment of any applicable commissions and expenses associated therewith, should provide a benefit to the Debtor's creditors.

37.   All potential holders of Liens (as reflected in the Debtor's schedules and based upon the proofs of claim filed to date against the Debtor's estate), will be provided with notice of the Auction Sale vis-à-vis the Notice of hearing on this Motion. Thus, any such entity will have an opportunity to object to the relief requested in this Motion and shall be deemed to have consented to the extent they fail to timely file an objection. See, e.g., Futuresource LLC v. Reuters, Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) (standing for the proposition that the lack of an objection to a proposed sale of assets counts as consent); Hargrave v. Township of Pemberton (In re Tabone, Inc.), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) citing to In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985). See also, In re Enron Corp., 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)). Thus, to the extent any parties holding a Lien on the Property fail to object to the Auction Sale, the Trustee's sale of the Property free and clear of all Liens satisfies Bankruptcy Code § 363(f)(2).

**IV.   Bankruptcy Rule 6004(h) Should Be Waived**

38.   Under Bankruptcy Rule 6004(h), an order authorizing the sale of property is "stayed until the expiration of 14 days after entry of the order" authorizing such sale. FED. R. BANKR. P. 6004(h). The Trustee requests that the Court order that such stay shall not apply with respect to the sale of the Property.

39.   A waiver of the stay requirement under Bankruptcy Rule 6004(h) will relieve the Debtor's estate of any financial burdens associated with the ongoing preservation of the Property and will reduce the expenditure of additional funds for the benefit of the estate and its creditors. Additionally, such a stay could further delay the date that the new owner can take possession and control of the Property and therefore, could chill the sale. As such, the Trustee respectfully requests that any order approving the sale of the Property include a waiver of the stay under Bankruptcy Rule 6004(h).

**V.   Shortened Notice**

40.   The Trustee is proceeding by Order Scheduling Hearing rather than by notice of motion to ensure that the Property is adequately marketed prior to the Auction Sale and to keep administrative and storage costs to a minimum. Accordingly, for there to be any value to the creditors of this estate the Trustee must proceed by Order to Show Cause on Shortened Notice.

41.   The "notice" required by Bankruptcy Code § 363(b)(1) is "such notice as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Courts are authorized to shorten the 21-day notice period generally applicable to asset sales, or direct another method of giving notice, upon a showing of "cause." FED. R. BANKR. P. 2002(a) (2).

42.   Due process requires that any notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an

10

opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); (Creditors are entitled to notice "reasonably calculated to apprise the creditor of the pendency of the bankruptcy proceeding and give the creditor an opportunity to object or otherwise respond.") See also In re Riverchase Apartments, L.P., 184 B.R. 35, 39 (Bankr. M.D. Tenn. 1995). Due process is satisfied if parties in interest are given "an opportunity to present their objections." Mullane, 339 U.S. at 314. Bankruptcy Rule 9006(c) provides that the Court may reduce the prescribed period for notice of this Motion:

> (c)     **Reduction.**
>
> (1)     *In General*. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.
>
> (2)     *Reduction Not Permitted*. The court may not reduce the time for taking action pursuant to Rules 2002(a)(7), 2003(a), 3002(c), 3014, 3015, 4001(b)(2), (c)(2), 4003(a), 4004(a), 4007(c), 8002, and 9033(b).

FED. R. BANKR. P. 9006(c). Since the general rule is that time periods in the rules may be reduced, and the reduction sought herein is not expressly precluded by Bankruptcy Rule 9006(c)(2), this Court may, in its discretion, shorten the time for notice of this Motion.

43.     Here, the Trustee is duty bound to preserve the estate's assets for the benefit of the creditors of the Debtor's estate. The Trustee has determined that an expedited hearing will assist the Trustee and the estate in selling the Property for the highest and best offer and save substantial monies on extended storage costs. Thus, cause exists in this case for the Trustee's Motion to be heard by this Court on shortened notice.

44.     Pursuant to Bankruptcy Rules 6004(a) and (c) and 2002(a)(2), the Trustee intends to provide notice of this Motion and the Auction Sale to the Debtor, all known creditors of the

11

Debtor, any known holders of Liens, all parties who have filed a notice of appearance in the Debtor's case, and the Office of the United States Trustee.

45. The Trustee requests that the failure of any objecting person or entity to file its objections timely and in accordance with these requirements shall act as a bar to the assertion of any objection to the Motion or to the Trustee's sale of the Property.

46. No previous request for the relief sought herein has been made to this or any other court by the Trustee.

47. For all of the foregoing reasons, the Trustee respectfully submits that the relief requested herein is appropriate and in the best interests of all interested parties, the Debtor's estate and its creditors.

**WHEREFORE**, the Trustee respectfully seeks entry of the proposed Order Scheduling Hearing and an order authorizing and approving the Auction Sale of the bankruptcy estate's right, title and interest in and to the Property; and granting the Trustee such other and further relief as the Court deems just and proper.

Dated: January 9, 2015
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, Esq., Chapter 7 Trustee

By: *s/ Gary F. Herbst*
Gary F. Herbst, Esq.
A Member of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

M:\Documents\Company\Cases\Ask Alice, LLC\Sale\Motion to Sell.docx

12

# EXHIBIT A



# David R. Maltz & Co., Inc.
### Auctioneers, Appraisers, Real Estate Brokers
### www.MaltzAuctions.com

BANKRUPTCY AUCTION - UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK
In re:  Ask Alice, LLC Case No. 14-13161-SMB
Auction:  _____, 2015 @ 11:00 a.m.
**TERMS AND CONDITIONS OF SALE**

1. The Auctioneer sells everything "AS IS" and "WHERE IS" without any warranties whatsoever as to quality, condition or description.  The only guarantee is to title.

2. 25% minimum deposit in cash or certified funds is required from all bidders at the time of knockdown, as well as name, address and telephone number or bid paddle number.

3. Payment of the balance in full, in certified funds only is required **to be paid by 3:00 p.m. on _____, 2015.  Removal of all assets must be completed by 3:00 p.m. on _____, 2015.**  All instruments are to be made payable to David R. Maltz & Co., Inc.

4. All items purchased are required to be removed by purchaser at his own cost, risk and expense from where sold.  Neither the Auctioneer nor the Chapter 7 Trustee shall have any responsibility for any item left on the premises after payment has been made.

5. In the event of any disputed bid, the Auctioneer reserves the right to immediately put up for sale the said disputed item.

6. The Trustee, through the Auctioneer, reserves the right to sell in bulk, consecutive lot number order, or in any order he deems advisable.

7. The assets, comprised of approximately 4,000 pair of assorted footwear, consist of lot numbers _____.  All lots will first be offered for sale in bulk and then individually.  Whichever way realizes more, subject to the confirmation by the Chapter 7 Trustee, is the way the sale will be approved.

8. The auction sheets and records of sale as set forth by the Auctioneer must be accepted as final by all buyers.

9. In the event that the buyer fails to comply with the terms of final payment and removal as required above in Paragraph #3, the Trustee, through the Auctioneer, reserves the right to resell the items concerned, without any notice whatsoever to the buyer concerned. The buyer's deposit will be forfeited and he will remain liable for any deficiency as well as the cost and expenses incurred by such resale.

10. No allowances or adjustments of any kind will be made.

11. The Auctioneers are not bound by any actions or statements made by any other person other than themselves.

12. The sale is subject to confirmation by the Chapter 7 Trustee, and the Chapter 7 Trustee reserves the right to refuse or accept any and all bids.

13. New York State Sales Tax, where applicable, will be collected as required by law.

14. IRS regulations require us to report all cash payments exceeding $10,000.00 from any one individual.

15. These Terms of Sale are read at the beginning of the sale and posted on the premises so that all prospective purchasers are deemed to have full knowledge of the same regardless of what time they entered the premises.

16. There will be no refunds, substitutions or exchanges of deposits.

17. Bid rigging is illegal, and suspected violations will be reported to the Department of Justice for investigation and prosecution.

18. Pursuant to Bankruptcy Rule 6004-1 no appraiser, auctioneer or officer, director, stockholder, agent, employee or insider of any appraiser or auctioneer, or relative of any of the foregoing, shall purchase, directly or indirectly, or have a financial interest in the purchase of, any property of the estate that the appraiser or auctioneer has been employed to appraise or sell.

I, buyer #_____, have read the foregoing Terms & Conditions of Sale and have agreed to be bound by them.

X_____

**Salvatore LaMonica, Esq., Chapter 7 Trustee • LaMonica Herbst & Maniscalco, LLP, Attorneys for the Chapter 7 Trustee**

David R. Maltz, Auctioneer DCA # 762794 • Richard B. Maltz, Auctioneer DCA # 1240836 • David A. Constantino Auctioneer DCA # 142494